102 So.2d 47 (1958)
Alfred Alphonso ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. A-134.
District Court of Appeal of Florida. First District.
April 8, 1958.
*48 Wayne E. Ripley, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., David U. Tumin, Asst. Atty. Gen., and Edward S. Jaffry, Sp. Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
Appellant was convicted of grand larceny of certain scrap iron, consisting of H-Beams, truss caps, tie plates and angle bars, that was stolen from a railroad company in Suwannee County and several days later found in the possession of a junk dealer in Duval County, many miles distant. The pertinent assignment of error challenges the denial of appellant's motion for a directed verdict of not guilty, made when the state rested its case in chief and based on the insufficiency of the evidence.
The conviction was based upon evidence consisting substantially of these facts. Dealers in scrap iron grade it into several classifications according to quality. On the morning following the theft the defendant sold a truckload of scrap iron to the junk dealer in Duval County; the records of the dealer indicate the scrap iron so purchased from appellant was of the quality forming the subject of the *49 theft, that is, H-Beams, truss caps, tie plates and angle bars, but the dealer's employee who made the purchase could not, nor did any other witness, identify the stolen property that was found in the possession of the junk dealer as the property so sold by the appellant; when the stolen property was located and identified on the premises of the dealer, it formed part of a pile of other scrap iron of like quality.
There was no positive evidence tracing the stolen property into the hands of the appellant or establishing his participation, directly or indirectly, in the actual theft. The state's evidence did not negative the reasonable possibilities (a) that the stolen property was delivered to the premises of the junk dealer prior to the sale made by appellant of property of the quality of that which was stolen, (b) that the property sold by appellant was of a kind different from that which was stolen, or (c) that the sale of the stolen property to the junk dealer was made by some person other than the defendant. It is upon the tenuous thread of the inferences to be drawn from the mentioned circumstantial evidence and that alone that the case was submitted to the jury.
When circumstantial evidence is relied upon to convict a person charged with a crime, it must not only be consistent with guilt but inconsistent with any reasonable hypothesis of innocence. It is insufficient to sustain a conviction if it produces nothing stronger than a suspicion of guilt.
The evidence in this case does not close the gap to the reasonable hypotheses of innocence. The motion for directed verdict of not guilty should have been granted. See Mayo v. State, Fla., 71 So.2d 899, 904, and cases cited therein. In so holding we are cognizant of the rule that conviction may be had upon circumstantial evidence alone, that while it is incumbent upon the state to prove every element of the offense, such proof may be by evidence of circumstances that are sufficient to support an inference of guilt, and that absolute metaphysical and demonstrative certainty are not essential to the proof of a crime by circumstantial evidence.
The motion for a directed verdict of acquittal was addressed immediately following the close of the state's case. The trial judge declined, however, to rule thereon at that time, and stated that the ruling would "be held in abeyance until both sides have announced closed." Counsel for appellant then announced that appellant would not take the stand or introduce any evidence, whereupon the motion was denied.
We know of no authority for that procedure in a criminal case. Its effect is to cast upon the accused the burden of electing whether he will present testimony in rebuttal of the state's case and the extent thereof. In many cases the election so forced upon him would make it necessary to determine whether he will present testimony other than his own, and thereby forego the important right of opening and closing the argument before the jury.
It is only after the state has sustained its initial burden of proof by making out a prima facie case, establishing the guilt of the accused beyond and to the exclusion of every reasonable doubt, that it becomes procedurally necessary for the accused to determine whether he will present evidence in rebuttal thereof or accept the consequences of his failure to do so. Whether the state has sustained that burden is strictly a question of law. The accused should not be required to gamble his procedural rights on his own rather than the court's interpretation of the law. A fortiori, he should not be put in the position of having to speculate upon what disposition the court will make of the motion for a directed verdict on the ground of the insufficiency of the evidence.
Our stated conclusion makes it unnecessary to discuss other assignments of error. *50 We wish to observe, however, that in the ends of justice we have found it necessary to ignore many defects of appellant's brief. Without detailing all of them, it is noted that the pleader refers to cases that are not cited, incorrectly cites other cases, fails to give the state and reporter system citation following the names of cases cited, and argues matters of fact that are not reflected by the record. The pleader also argues, by way of excuse for his failure to make appropriate objections in the trial court, his immaterial and impertinent personal interpretation of what he chooses to describe as a bad psychological effect that would be created in the minds of the jury by the audacity of one who would question the rulings of the trial judge. These infractions place upon this court an onerous burden. The rules are designed to present to the appellate court in clear, concise, and efficient form the matters relied on for the position taken by the pleader. Where they are carelessly or deliberately ignored as in the case on review, the persons most concerned and least at fault  the litigants rather than the attorney  all too often suffer unfortunate consequences.
Reversed and remanded with directions to discharge the appellant.
WIGGINTON and CARROLL, DONALD K., JJ., concur.