121 So.2d 807 (1960)
Jack HERRING and Violet L. Roark, Appellants,
v.
STATE of Florida, Appellee.
No. 59-648.
District Court of Appeal of Florida. Third District.
July 7, 1960.
*808 Henry R. Carr, Miami, for appellants.
David U. Tumin, Asst. Atty. Gen., for appellee.
HORTON, Chief Judge.
The appellants, Herring and Roark, together with John E. Penny, were convicted of breaking and entering a motor vehicle with intent to commit a felony, and were sentenced pursuant to the jury verdict.
Two police officers observed defendants Herring and Penny looking under the hood of a 1957 Chevrolet automobile parked in a municipal parking area in the City of Coral Gables. They proceeded to drive into the parking area, at which time the defendants closed the Chevrolet hood and entered a Buick automobile which drove from the scene. The officers examined the Chevrolet, found that it was unlocked, a window was partially opened and the amp light and indicator gauge were on. The Buick, which was still within sight, was pursued and overtaken. This automobile, together with the three defendants, was taken to the police station. The Buick was parked in the street outside the station. Upon receipt of further information regarding the condition of the Chevrolet, the three defendants were placed under arrest at the police station and a search was made of the Buick, which revealed an automobile license tag identified at the trial as belonging to a missing Ford station wagon, and a bent wire which was identified as a tool used to enter locked cars of the type involved without the necessity of breaking a window. During the course of the trial, the state called as a witness the owner of the Chevrolet who testified that he had left the automobile in the municipal parking lot in a locked condition; that he did not know, nor had he given permission to any of the defendants to enter his car and further, that at the time he left the Chevrolet, there was no wire attached between the battery and coil. Further testimony showed that prior to the arrest of the defendants, an examination of the Chevrolet disclosed a wire attached between the battery and coil which was identified as a "jumper wire."
At the close of the state's case, the defense moved for a directed verdict of acquittal which motion was denied. The defense then rested its case and following closing argument and instructions, the jury returned its verdict pursuant to which the judgment and sentence appealed were entered.
The appellants raise two questions upon appeal, which we feel require discussion, i.e., (1) whether the search of the Buick automobile and the seizure of certain items therefrom was reasonable; and (2) whether the trial judge erred in failing to direct a verdict of not guilty as to defendant Roark.
The constitutional guarantee[1] against unlawful search and seizure does not extend to a reasonable search and seizure incidental to a lawful arrest. See § 901.21, Fla. Stat., F.S.A. This is an exception to the general rule that no search may be made without a warrant. See Haile v. Gardner, 82 Fla. 355, 91 So. 376; Joyner *809 v. State, 157 Fla. 874, 27 So.2d 349. The appellants have not attempted to show that the arrest was unlawful, nor that the search was used to justify the arrest. We must therefore conclude that the appellants contend the search of the Buick was not a reasonable search incidental to the lawful arrest. With this we do not agree. The Florida courts have said many times that what is a reasonable or valid search in any case is a question of fact for the court to determine upon due consideration of the circumstances and manner in which the search is made. Haile v. Gardner, supra; Brown v. State, Fla. 1950, 46 So.2d 479; Collins v. State, Fla. 1953, 65 So.2d 61.
In Cameron v. State, Fla.App. 1959, 112 So.2d 864, 873, the court in affirming the denial of a motion to suppress evidence secured as the result of a search of an automobile, said:
"As a necessary and proper evolution of the living law to meet the changing needs of society, the modern trend of authority is to narrow the concept of immunity against searches and seizures when it involves a motor vehicle used as an aid to the commission of crimes, whether in transporting the criminal or the fruit of the crime."
In the instant case, the automobile in question was in close proximity to the place of arrest and there existed probable cause to believe that a search of this automobile would reveal evidence pertinent to the charge. We conclude that the search and seizure were reasonable and incidental to a lawful arrest, and therefore, the evidence so obtained was properly admitted. See Davis v. State, Fla. 1955, 87 So.2d 416; Rhodes v. United States, 5 Cir., 1955, 224 F.2d 348; and cf. Rinehart v. State, Fla. App. 1959, 114 So.2d 487.
As to the appellant Roark's contention that the trial judge should have directed a verdict in her favor, we conclude that such contention has merit. An examination of the testimony taken at the trial discloses only brief references directly bearing upon the actions of the appellant Roark at and prior to the time of her arrest. Other than the fact of her presence in the Buick automobile, there was a lack of evidence or testimony even remotely connecting her with the crime charged. It was suggested, but never established, that the Buick automobile belonged to the appellant Roark. The state argues that sufficient circumstantial evidence was offered to support appellant Roark's conviction, and from this concludes that it was a jury question as to what her association was with the perpetration of the crime. Nowhere have we been able to find evidence and the state has cited us none, circumstantial or otherwise, upon which to premise the state's contention. We are aware of the rule that absent direct proof, circumstantial evidence may be relied upon to support convictions of crimes, but this rule has certain limitations. Commenting on the circumstantial evidence rule in Davis v. State, Fla. 1956, 90 So.2d 629, 631, the Supreme Court of Florida said:
"When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant's guilt but it must also be inconsistent with any reasonable hypothesis of innocence. Head v. State, Fla. 1952, 62 So.2d 41; Mayo v. State, Fla. 1954, 71 So.2d 899.
"Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction."
Accordingly, the judgment of conviction and sentence as to the appellant Herring is affirmed. The judgment and sentence as to appellant Roark is reversed.
Affirmed in part and reversed in part.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] Florida Constitution, Declaration of Rights, § 22, Fla. Stat., F.S.A.