WIGGINTON, Acting Chief Judge
(dissenting) .
This appeal is from a final judgment based upon a jury verdict which found appellant guilty of buying, receiving and aiding in the concealment of stolen property having a value in excess of $800.00. The point on appeal questions the sufficiency of the evidence to support the verdict,- and urges that the trial court erred in denying appellant’s motion for a directed verdict at the conclusion of the evidence.
Much of the testimony contained in the record on appeal was adduced in the absence of the jury for the purpose of enabling the court to rule on appellant’s objection to the search of the premises on which the stolen goods were found, and objection to statements made by appellant to the police officers after his arrest. None of this testimony may be considered in reaching a determination of whether the evidence admitted in the jury’s presence is sufficient to establish beyond a reasonable doubt the guilt of appellant.
The evidence on which the State relies to sustain the judgment appealed is purely circumstantial in character. The established rule of law in this state provides that when the state relies upon purely circumstantial evidence to convict an accused, such evidence must not only be consistent with the defendant’s guilt but it must also be inconsistent with any reasonable hypothesis of innocence.[1]
My review of the evidence which was before the jury for its consideration convinces me that it fails to measure up to that quality of proof required by the controlling rule of law mentioned above. The evidence establishes nothing more than a suspicion that appellant even knew that the goods in question were stolen. As said by Justice Thornal in the Davis case cited above: “Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence.” The record is devoid of any evidence from which the jury could reasonably infer that appellant bought, received, or aided in the concealment of the goods in question.
I would reverse the judgment and remand the cause with directions that an order be entered discharging appellant.

. Herring v. State, (Fla.App.1960) 121 So.2d 807; Davis v. State, Fla., 90 So.2d 629.