194 So.2d 310 (1966)
Lawrence Lee SMITH and Sydney Richard Smith, Appellants,
v.
STATE of Florida, Appellee.
No. H-382.
District Court of Appeal of Florida. First District.
December 6, 1966.
Rehearing Denied February 17, 1967.
*311 R.A. Green, Jr., Public Defender, and Eugene F. Shaw, Assistant Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
The appellants were charged in the first count of the information with breaking and entering with intent to commit a felony and in the second count with grand larceny. Both of the appellants entered a plea of not guilty, a jury trial was had and verdicts returned finding the appellants to be guilty on both counts of the information. Appellants were adjudged guilty and sentence was imposed, from which their appeal is taken. The main contention on appeal is that the verdicts are contrary to law and against the manifest weight of the evidence and that certain remarks by the prosecuting attorney were so prejudicial as to require a mistrial.
The offenses attributed to the appellants as charged in the information were alleged to have occurred at the home of Colonel and Mrs. William Wilson near Lawtey, Florida. This home is located on some sixty five acres of land. At the time the home was entered and most of the contents removed there was no one living there. The Wilsons had not occupied the house since October of 1964. A daughter of the Wilsons testified that she lived in the house during January 1965 and also stayed there a few days during the first part of March. On April 29, 1965, Mrs. Wilson received a letter from the Florida Power and Light Co. telling her that one of their men had gone to her house to read the meter and found that her home had been broken into.
Upon a search of the respective home of each appellant various items were found which were identified as having been taken from the Wilson's home. At the trial Sydney Richard Smith testified that he bought the items found in his possession from one Roy Wilson. A receipt itemizing various articles sold to Sydney Richard Smith and bearing the signature of Roy Wilson as seller was introduced into evidence. Sydney Richard Smith stated that he and his brother (not a party to this cause) are engaged in the business of selling used furniture at their auction house in Jacksonville and the items were bought from Roy Wilson to be sold in the business.
When Lawrence Lee Smith was arrested he explained that he had purchased the items found in his home at several auctions.
An examination of the record in this case discloses that appellant Sydney Richard Smith did not file a motion for a new trial. Thus, this Court is precluded from considering the sufficiency of the evidence as to him. Gilbert v. State, 148 Fla. 293, 4 So.2d 330 (1941). Appellant Lawrence Lee Smith, by his attorney, filed a motion for new trial challenging the sufficiency of the evidence and such ground as to him is now properly before this Court.
All of the evidence adduced at the trial was of a circumstantial nature which was not of such force as to exclude the reasonable hypothesis that Lawrence Lee Smith was innocent. A witness for the State testified that on March 29, 1965, she was driving to her father's farm which adjoins the Wilson property and observed that a red Valiant travelling ahead of her vehicle turned into the Wilson's driveway. She identified the driver of that car as the wife of appellant Sydney Richard Smith. That witness also stated that she noticed a U-Haul trailer at the Wilson's home. Evidence was presented at the trial that on March 28, 1965, Sydney Richard Smith rented a U-Haul trailer. He said that he used the trailer to go to St. Augustine to *312 pick up some appliances to be sold through his auction house.
There was no evidence before the jury tending to place Lawrence Lee Smith at the Wilson home on the dates mentioned in the above paragraph. In its brief the State argues that some of the furniture taken from the Wilson home was of such weight as to necessarily require that Sydney Richard Smith and his wife have the assistance of some other person or persons. Because some of the stolen property was found in the possession of Lawrence Lee Smith such other person is surmised to have been Lawrence Lee Smith. Such speculation is not a sufficient basis for convicting one of a criminal offense.
This court in Harrison v. State, 104 So.2d 391 (Fla.App.1st, 1958) stated the rule of law to be applied in determining whether circumstantial evidence is sufficient to sustain a conviction to be:
"When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction."
After careful consideration of the record of testimony in this cause we can come to no other conclusion but that there was only mere suspicion that Lawrence Lee Smith committed the crimes for which he was charged and found guilty. Therefore, his judgment of conviction cannot be sustained.
One of the grounds assigned as error by appellant Sydney Richard Smith is that the trial court erred in refusing to grant his motion for mistrial because of alleged prejudicial remarks by the State's Attorney. At the time the remark was made counsel for Sydney Richard Smith objected to same and also moved for a mistrial. The trial court sustained the objection and instructed the jury to disregard the question, but the motion for mistrial was denied. A review of this alleged error is therefore properly before this court. Palmer, et al. v. State, 106 Fla. 237, 143 So. 126, 145 So. 69 (1932).
During cross-examination of a witness testifying in behalf of Sydney Richard Smith the State Attorney proceeded as follows:
"Q. Are you the father of Danny and Benny Taylor?
"A. Yes sir.
"Q. Who was convicted last week in Duval County on the charge of armed robbery?"
On argument of the motion for mistrial the State Attorney stated that the question he asked went to the credibility of the witness. There is no precedent for this novel approach that counsel may attempt to impeach a witness by showing that close relatives of the witness have a criminal record. No basis exists for permitting a prosecutor to insinuate that a witness should not be believed merely because someone in his family has been charged with or convicted of a criminal offense.
At the time the remark was made the State had rested its case and the defense through the testimony of witness *313 Taylor was attempting to show that Taylor had been approached by someone trying to sell a truck load of furniture which allegedly was then later sold to Sydney Richard Smith. The question relating to Taylor's sons was certainly inadmissible and could only be calculated to prejudice and improperly influence the jurors in their job of evaluating and resolving conflicts in the testimony. The jurors could not be expected to forget and disregard this inadmissible evidence in making their decision, appellant was thus denied a fair trial and therefore a mistrial should have been granted.
The judgments appealed are hereby reversed and remanded for a new trial.
RAWLS, C.J., and SACK, J., concur.