LILES, Chief Judge.
Appellee, Nesbitt Rolle, was charged and tried on an information for second degree murder. At the conclusion of the state’s case the defendant moved for a directed verdict. The trial judge withheld his ruling on the defendant’s motion and the defendant thereupon rested his case. The jury found the defendant guilty of manslaughter. The defendant then moved for a new trial and the trial court in granting said motion stated that the “verdict of the jury is contrary to law and the weight of the evidence.” Pursuant to Section 924.07(2), Florida Statutes, F.S.A., the state then took this appeal and assigned as error the granting of a new trial. In cross-assignments of error the defendant complains of the trial court’s failure to grant defendant a directed verdict of acquittal.
After a careful reading of the trial record, we are of the opinion that the trial court was correct in finding that the jury verdict was contrary to the law and the weight of the evidence, but we cannot agree with the trial court’s disposition of the case.
Florida Statutes, Chapter 918.08(1), F. S.A., states:
“If, at the close of the evidence for the state or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may and, on the motion of the prosecuting attorney or the defendant, shall, direct the jury to acquit the defendant.”
The Florida Supreme Court cited § 918.-08(1) in holding that where the state failed to present any evidence to prove the cause of death or to prove that the *868 defendants were guilty of manslaughter the trial judge should have granted defendants’ motion for a directed verdict. Tipton v. State, 97 So.2d 277 (Fla.1957).
In Adams v. State, 102 So.2d 47 (Fla.App.1958), a motion for directed verdict of acquittal was made following the close of the state’s case and the trial judge held his ruling in abeyance until both sides had concluded their cases. Following the close by both defendant and state the trial court denied defendant’s motion. On appeal, the First District Court held that the trial judge had not followed the proper procedure. The court said at 102 So.2d 49:
“The motion for a directed verdict of acquittal was addressed immediately following the close of the state’s case. The trial judge declined, however, to rule thereon at that time, and stated that the ruling would ‘be held in abeyance until both sides have announced closed.’ Counsel for appellant then announced that appellant would not take the stand or introduce any evidence, whereupon the motion was denied.
“We know of no authority for that procedure in a criminal case. Its effect is to cast upon the accused the burden of electing whether he will present testimony in rebuttal of the state’s case and the extent thereof. In many cases the election so forced upon him would make it necessary to determine whether he will present testimony other than his own, and thereby forego the important right of opening and closing the argument before the jury.”
Thus, it is clear that the trial court must either grant or deny defendant’s motion for a directed verdict when it is made and cannot hold its ruling on the motion in abeyance or refuse to make a ruling.
Relying upon the trial record, Florida Statutes § 918.08(1), F.S.A., and the cited cases, together with the trial judge’s finding that the “verdict of the jury [was] contrary to law and the weight of the evidence,” in consideration of the burden of proof upon the appellant, i. e., to prove the appellee guilty beyond and to the exclusion of every reasonable doubt, we hold that when a trial judge in a criminal case finds the verdict to be contrary to law and contrary to the weight of the evidence he must also find that the defendant is entitled to a directed verdict of acquittal. In the instant case where the judge found and so stated that the verdict of the jury was contrary to law and the weight of the evidence, it was error not to have granted defendant-appellee’s motion for a directed verdict.
Reversed and remanded with instructions to discharge the defendant.
HOBSON, J., and SMITH, CULVER, Associate Judge, concur.