WIGGINTON, Judge.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of willfully leaving the scene of an accident without stopping to render aid to the person injured by him or making known to the persons present his full and correct name and address. The sole point on appeal challenges the sufficiency of the evidence to support the verdict and judgment.
An examination of the record on appeal affirmatively establishes, and it is not denied, that appellant failed at any time to make a motion for new trial in which the sufficiency of the evidence could have been challenged at the trial court level. In the cases of Jones v. State[1] and Smith v. State [2] this court held that the making and denial of a motion for new trial by the defendant based upon the insufficiency of the evidence to support the verdict was a necessary prerequisite to a consideration of that question on appeal. This court’s decisions were approved and adopted by the Supreme Court in the case of State v. Wright [3] in which it held that the filing of a motion for new trial based on an alleged insufficiency of the evidence is a prerequisite to any questioning of the sufficiency of the evidence upon appeal. The ruling in Wright was adhered to by the Supreme Court in the subsequent decisions rendered by it in the cases of State v. Contreras[4] and State v. Owens.[5]
Because of this court’s inability to consider the only question raised by appellant on this appeal because of his failure to timely file a motion for new trial following rendition of the verdict against him, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Jones v. State (Fla.App.1968) 212 So.2d 804.

. Smith v. State, (Fla.App.1966) 194 So.2d 310.

.State V. Wright, (Fla.1969) 224 So.2d 300.

. State v. Contreras, (Fla.1969) 227 So.2d 306.

. State v. Owens, (Fla.1970) 233 So.2d 389.