BOYD, Justice
(dissenting).
I respectfully dissent to the majority opinion discharging the writ of certiorari heretofore granted in this cause.
In this matter we are asked to review by certiorari Petitioner’s conviction and five year sentence for stealing a 1973 Chevrolet automobile because of conflict[1] between the decision of the District Court *295 of Appeal, First District, reported at 303 So.2d 649, and Davis v. State, 90 So.2d 629 (Fla.1956); Harrison v. State, 104 So.2d 391 (Fla.App.1958), and others. While the District Court affirmed Petitioner’s conviction based upon circumstantial evidence not meeting the standards set forth in Davis, Harrison and others, it agreed with the conclusions of law in those cases as to the degrees of proof required of circumstantial evidence for conviction.
The facts of this case are as follows.
On June 22, 1973 a young woman parked her new Chevelle in a parking lot in Jacksonville. Later that day a woman contacted a car dealer and secured the number for an ignition switch key fitting the car. The caller was not identified. Later the same day a young woman and two young men, who were never clearly identified, secured a key to fit the Chevrolet from a locksmith. The man who made the key at one time told a policeman that Petitioner had secured the key, basing his identification on a photograph. At the trial he said only that Petitioner looked like the man but that the key purchaser had shaggy hair and a beard and that, without those, he could not identify the Petitioner.
About 4:30 a. m. on June 23rd two policemen stopped to assist Petitioner on Interstate Highway 95 in Jacksonville. He had been stopped in his truck trying to cover the motor and transmission of what he said was a 1969 Chevelle. The policemen found no numbers on the motor, but one said he thought it was newer than 1969. Petitioner told them he had removed the parts from his home on Monroe Street; about 7:00 a. m. the policemen went by, but they did not enter the premises and did not see the car.
The record does not show how, why or when Petitioner became a suspect, but he had a long criminal record. After being charged, Petitioner surrendered to officers and said he did not steal the car but made a mistake by permitting others to dismantle it on his property. Petitioner did not say he was aware that the car was stolen when it was dismantled, but he said he would secure the return of all stolen parts if charges against him were dropped; however, when this offer was rejected, he remained silent. His offer to assist in securing return of stolen property is circumstantial evidence but is not sufficient to prove him guilty beyond and to the exclusion of every reasonable doubt.
There was no direct evidence offered by the Respondent to link the Petitioner with the theft of the car; the only evidence that even cast a suspicion of guilt on him was uncertain testimony of the keymaker that the Petitioner was the man who had ordered the key made and to whom the key had been given. This testimony regarding the making and the delivering of the key was circumstantial evidence, and that one piece of circumstantial evidence was legally insufficient to establish the Petitioner’s guilt.
The court in Harrison, supra, stated the rule of law to be applied in determining whether circumstantial evidence is sufficient to sustain a conviction as follows:
“When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. *296 Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction.”[2]
This rule has been consistently applied and this rule should have been applied by the trial court. Smith v. State, 194 So.2d 310 (Fla.App.1967); Rhoden v. State, 227 So.2d 349 (Fla.App.1969); Gayle v. State, 258 So.2d 455 (Fla.App.1972). In the instant case, the circumstantial evidence that Petitioner bought the key used to take the car left nothing more than a suspicion that Petitioner committed the crime. There was no other evidence presented by Respondent that linked Petitioner with the theft of the car.
Petitioner maintains that the circumstances of his having the key made is as equally consistent with the reasonable hypothesis of his innocence as with his guilt: 1. e., Respondent failed to show how the key got into the hands of the person who drove the car away; and Respondent failed to show that Petitioner had any knowledge that the key would be used to steal the car. In Herring v. State, 121 So.2d 807 (Fla.App.1960), the court reversed the conviction of a defendant, Roark, who had been convicted of breaking and entering a motor vehicle with intent to commit a felony. The only fact offered to prove Roark’s guilt was her presence in a Buick with two other defendants who had broken into the car. The court noted:
“. . . The state argues that sufficient circumstantial evidence was offered to support appellant Roark’s conviction, and from this concludes that it was a jury question as to what her association was with the perpetration of the crime. Nowhere have we been able to find evidence and the state has cited us none, circumstantial or otherwise, upon which to premise the state’s contention. . . ” [3]
This case is analogous to Herring, supra, in that there was no proof here of Petitioner’s association with the perpetrator of the theft of the Chevrolet. As held in Davis, supra, evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, is not sufficient to sustain a conviction. Petitioner contends that the evidence here only furnished a suspicion of his guilt and did not furnish legally sufficient proof of his guilt.
In denying Petitioner’s motion for a judgment of acquittal, the trial court appeared to believe that Petitioner had given the key to the person who had driven the car away. There is nothing in the record to indicate that Petitioner gave the key to anyone or, assuming arguendo he did deliver the key, that he had any knowledge of the use of the key to steal the car or that he had an intent to steal the car, even as a principal. There are reasonable hypotheses of Petitioner’s innocence: (1) that Petitioner did not know the key was to be used to steal the car; (2) that Petitioner did not give the key to the perpetrator of the theft of the car.
Respondent had the burden of making a prima facie case, establishing the guilt of Petitioner beyond and to the exclusion of every reasonable doubt; whether Respondent achieved the burden was strictly a question of law for the court. Adams v. State, 102 So.2d 47 (Fla.App.1958). In my view the trial court erred in failing to direct a verdict of acquittal since Respondent failed to establish Petitioner’s guilt beyond and to the exclusion of every reasonable doubt.
I would hold that the flimsy circumstantial evidence in this case is not sufficient to support the conviction of Petitioner and accordingly I would quash the decision of the District Court of Appeal, First District, and direct said court to require the trial court to vacate Petitioner’s conviction.
ADKINS, J., concurs.

. Article V, Section. 3(b)(3), Florida Constitution.

. 104 So.2d 391 at 394-395.

.121 So.2d 807 at 809.