DOWNEY, Judge,
dissenting:
A majority of this Court has decided that appellee’s petition for rehearing should be granted and has withdrawn the Court’s opinion filed September 17, 1976, which reversed an order granting appellee a new trial. Since I deem the reasons for disagreeing with my colleagues worth recording, I have set forth in this dissent the opinion of September 17, 1976, virtually as it was originally filed.
The State of Florida has perfected this appeal to review an order of the trial court granting appellee a new trial.
*630 Appellee was charged with first degree murder, but the jury found her guilty of manslaughter. During the course of the trial the prosecutor interrogated a defense witness as follows:
“Q. Mr. Pugh, we have met before, haven’t we?
“A. I don’t know. Maybe we have.
“Q. Didn’t we meet before when I convicted your son of murder?”[1]
Thereupon appellee moved for a mistrial. The court denied the motion for mistrial, but it instructed the jury that the question was improper and that they were to disregard it. After the jury returned their verdict appellee moved for a new trial. The court granted appellee’s motion upon the sole ground that the state’s interrogation of Mr. Pugh required a new trial upon authority of Smith v. State, 194 So.2d 310 (Fla. 1st DCA 1967). In pertinent part that order stated:
“At the trial, this Court denied a defense motion for mistrial and instead strongly cautioned the jury to disregard the question. Although this Court believes that the defendant BROWN herein had a fair trial and was not prejudiced by the question, the Smith case is entirely on point and requires reversal. The District Court therein ruled on almost identical facts that ‘the jurors could not be expected to forget and disregard this inadmissible evidence in making their decision.’ The District Court found, as a matter of law, that a new trial was required. Since this Court (as well as the prosecution) is bound by the Rule of Law established in Smith v. State, supra, the defense motion for a new trial is hereby granted. The new trial is granted despite this Court’s belief that the jury herein was in fact able to disregard the evidence in accord with the Court’s instructions. The defendant’s motion for a new trial is granted on the stated ground alone. The motion is denied as to all other grounds asserted.”
In my judgment the state had a right to interrogate the witness as to his bias or prejudice against the state as a result of the prior experience between this prosecutor and the witness’ son. This could have been done successfully with a little more finesse than that used here, but I am not prepared to say the question as propounded was objectionable. The cases relied on by the appellee as prohibiting this line of questioning for impeachment purposes are all distinguishable. Thus, I do not believe the trial court should have sustained the objection.
But in any event, even if the question was objectionable, I believe the trial court abused his discretion in granting a new trial because he expressly found that the appel-lee received a fair trial and that the question was not prejudicial. What more could appellee ask for? This is a classical case for the application of the harmless error rule— if error it be.
I am cognizant of the wide discretion afforded a trial judge in granting a new trial. But, as the Supreme Court stated in Warner v. Goding, 91 Fla. 260, 107 So. 406, 408 (1926):
“A new trial is not a matter of right in this state, but is addressed to the sound legal discretion of the trial court, and should .be granted only when substantial rights have been so violated as to make it reasonably clear that a fair trial was not had.”
Here the court found appellee received a fair trial. It is also the rule that, if no substantial rights of the defendant have been violated, granting a new trial is an abuse of discretion. McAllister Hotel, Inc. v. Porte, 123 So.2d 339, 344 (Fla.1960). Here the court found the jury was able to disregard the evidence appellee complained of. Hence, no substantial right of the ap-pellee was prejudiced; under Fla.R.Crim.P. Rule 3.600(b), no new trial was authorized.
The trial judge felt compelled to grant the new trial because of the ruling in Smith v. State, supra. Once again I would disa *631 gree and suggest that Smith is distinguishable on several grounds. First of all, the appellate court found the evidence in Smith insufficient to support a verdict of guilty while the evidence in the case at bar adequately supports the verdict. Secondly, as far as one can tell there was no express finding by the trial judge in Smith that the defendant had received a fair trial and that the question was not prejudicial. Thirdly, the question propounded in Smith was clearly objectionable. The prosecutor there was attempting to impeach the witness simply by showing that his son had previously been convicted of a crime. The prosecutor involved in the present case also was the prosecutor in the case involving the son of a witness. This factor could very well be a basis for extreme bias on the part of the witness against this prosecutor. Thus, I do not believe Smith controls this case.
Accordingly, I would reverse the order granting appellee a new trial and remand the cause with directions to reinstate the verdict and enter judgment and sentence thereon. I, therefore, dissent from the opinion affirming the order under review.

. Apparently the prosecutor in this case had been the prosecutor in a case in which the witness’ son was convicted of murder.