GEIGER, DWIGHT L., Associate Judge,
concurring specially:
I concur with the result of reversal, however, I feel compelled to speak to the issue of whether a defendant, as in this case must be “placed on the horns of a dilemma” by having to decide whether to put on his own evidence after erroneous denial of his motion for judgment of acquittal at the close of the state’s case and thus risk himself proving the state’s case against him where it has not been previously proven by the state.
*56 Although this issue has been referred to inferentially in the majority opinion, it has not been spoken to directly. I am of the opinion that the state’s case must be tested on appeal by the evidence adduced by the state in its case in chief alone. Even though the state receives a favorable, although incorrect, ruling on the defendant’s motion for judgment of acquittal after the state has rested, the state later cannot bootstrap its otherwise insufficient case and profit by the defendant’s inadvertently proving the deficiencies.
In the instant case the record clearly shows that the state did not prove lawful custody of the defendant at the time of the alleged offense. However, the defendant himself did take the stand in his own defense and his comments showed that he was in lawful custody. Likewise the defendant while testifying in his own behalf admitted he knew of the Department of Offender Rehabilitation rule against carrying a concealed knife.
The state may not rely on such proof by the defendant to justify conviction on appeal. For this reason and for those stated in the majority opinion, I concur that the judgment of conviction must be reversed. See Adams v. State, 102 So.2d 47 (Fla.1st DCA 1958).