WIGGINTON, Judge.
Defendant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of breaking and entering with intent to commit a felony and with grand larceny. The principal point on appeal challenges the sufficiency of the evidence to support the verdict and judgment.
The facts as disclosed by the record, viewed in a light most favorable to appel-lee, are as follows. At about four o’clock in the morning a deputy sheriff was conducting a routine patrol inspecting store buildings located on a state highway south of Ocala. As he drove past a grocery store he observed that a bar was missing from the back door. He stopped his vehicle and returned to the store at which time he observed an automobile entering an intersecting street from a vacant lot adjacent to the store building, which then proceeded south on the state highway. The officer testified that he saw only two occupants in the vehicle as it sped away from the scene of the crime, identifying appellant’s code-fendants O’Steen as the driver and appellant’s brother as resembling the passenger. Although he saw only two persons in the *456 vehicle he testified that from his vantage point he could not see whether any other person was riding in the back seat of the car. The officer gave chase to the vehicle which, after traveling a distance of some nine or more miles, collided with a tree and came to a stop. As the officer reached the wrecked vehicle he found no occupants therein but did hear someone running through the adjacent orange grove. The officer summoned help and made an examination of the terrain leading from the wrecked vehicle through the orange grove in the direction where he heard running footsteps. At the wrecked vehicle he found two sets of footprints, one set leading around the front and one set around the rear of the wreck to a point where they joined and proceeded north into an orange grove. The evidence reveals that a portion of the ground through the grove had been plowed, while other portions were covered with patches of grass. The two sets of footprints leading from the wrecked vehicle entered a swampy area and a stream. On the opposite side of the swamp some 2t/¿ miles from the wrecked vehicle three sets of footprints were found leading into a plowed orange grove. A search made of the wrecked vehicle revealed articles identified as having been stolen from the grocery store which had been burglarized.
At seven o’clock in the morning, some four hours after the officer first observed and identified appellant’s two codefendants speeding away from the scene of the crime, and at a point in an adjoining county 18 miles from the burglarized building, the law enforcement officers located and arrested appellant and his two codefend-ants. The only evidence linking appellant with the commission of the crime with which he was charged was the fact that he was found walking down a road in the company of the other two defendants four hours after the crime had been committed. We fail to find any other evidence in the record, nor has any been called to our attention by appellee, which otherwise points to appellant’s guilt as a participant in or accessory to the crime for which the two codefendants were convicted.
The testimony of the police officer was sufficient identification of the two code-fendants with whom appellant was jointly charged as being the persons who burglarized the store in question and sped away from the scene of the crime. Even should we indulge the assumption that the evidence is sufficient to sustain a reasonable inference that three persons participated in the crime involved in this case, the evidence on which the State relies to sustain appellant’s conviction must at best bé considered purely circumstantial. The evidence of his guilt, if any, is by virtue of association and not of participation.
The burden resting on the State to prove a person’s guilt by circumstantial evidence is well established in this jurisdiction, to wit:
"When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction.” [1]
*457 Our review of the record affirmatively establishes that the evidence adduced at the trial in support of the charges against appellant falls far short of measuring up to the standard required in order to sustain the verdict of guilty rendered by the jury and the judgment of conviction and sentence imposed thereon. It is our view and we so hold that the trial court erred when it denied appellant’s motion for a directed verdict of acquittal at the close of the evidence.
For the foregoing reasons the judgment appealed herein is reversed and the cause remanded with directions that the appellant be discharged.
SPECTOR, C. J., and JOHNSON, J„ concur.

. Harrison v. State, (Fla.App.1958), 104 So.2d 391, 394, 395. See also Smith v. State, (Fla.App.1966) 194 So.2d 310.