**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfred FEATHERSTON, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles RILEY, Jr., Defendant-Appellant.**

**Nos. 71-2385, 71-2687.**

United States Court of Appeals, Fifth Circuit.

May 25, 1972.

Rehearing and Rehearing En Banc Denied in No. 71-2385 July 11, 1972.

Louis R. Beller (court appointed), Philip Carlton, Jr., Miami Beach, Fla., for defendant-appellant Featherston.

Steven D. Robinson, Miami, Fla., amicus curiae.

James Matthews, Miami, Fla. (court appointed), for defendant-appellant Riley.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and BELL and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

In these appeals, consolidated for opinion purposes, Alfred Featherston and Charles Riley challenge their convictions for teaching the use or making of explosives or incendiary devices, in violation of 18 U.S.C.A. § 231(a) (1).[1]

---

1. The statute provides:

"Whoever teaches or demonstrates to any other person the use, application, or making of any firearm or explosive or incendiary device, or technique capable of causing injury or death to persons, knowing or having reason to know or intending that the same will be unlawfully employed for use in, or in furtherance of, a civil disorder which may in any way or degree obstruct, delay, or adversely affect commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

    *     *     *     *     *

"Shall be fined not more than $10,000 or imprisoned not more than five years or both."

There are several assignments of error but the primary contention in each appeal is that § 231(a)(1) is either unconstitutional on its face because of overbreadth and vagueness, or in the alternative, unconstitutional as applied to appellants because the government allegedly failed to show a clear and present danger as mandated by the First Amendment. We find no merit in the appeals and therefore affirm the convictions.

Appellants were leaders in an organization known as Black Afro Militant Movement, or BAMM, operating in the Miami, Florida area. At a meeting of this group on May 27, 1970, Riley, with the assistance and under the supervision of Featherston, gave instructions to the members in attendance on how to make and assemble explosive and incendiary devices. The stated purpose of this demonstration was to prepare the members of BAMM, for "the coming revolution." As a result of this activity, appellants were indicted for violating 18 U.S.C.A. § 231(a)(1). They were tried to separate juries and these appeals followed their conviction.[2]

I

Appellants' vagueness argument is directed at the language "knowing or having reason to know" as used in § 231(a)(1). It is their contention that this language creates criminal liability in terms so broad and vague that men of common intelligence must guess at its meaning and application.

This same argument was rejected by the Seventh Circuit in National Mobilization Committee to End the War in Vietnam v. Foran, 7 Cir., 1969, 411 F.2d 934. There the court construed the language of the statute to require an intent

that the use, application, and making of incendiary devices be employed in the furtherance of a civil disorder. The court concluded that "The requirement of intent of course 'narrows the scope of the enactment by exempting innocent or inadvertent conduct from its proscription.'" 411 F.2d at 937. Appellants urge us to reject this interpretation of § 231(a)(1). However, we do not perceive that such a result is required by the Constitution nor permitted by Supreme Court precedent.

In Gorin v. United States, 1940, 312 U.S. 19, 61 S.Ct. 429, 85 L.Ed. 488, the Supreme Court upheld the constitutionality of the Espionage Act of 1917, the provisions of which are now incorporated into 18 U.S.C.A. § 793. The statute before the court in *Gorin* employed the language "with intent or reason to believe," and was challenged on due process grounds for overbreadth and vagueness. In response to this argument the Supreme Court stated:

"[W]e find no uncertainty in this statute which deprives a person of the ability to predetermine whether a contemplated action is criminal under the provisions of this law. The obvious delimiting words in the statute are those requiring 'intent or reason to believe that the information to be obtained is to be used to the injury of the United States, or to the advantage of any foreign nation.' This requires those prosecuted to have acted in bad faith. The sanctions apply only when scienter is established." 312 U.S. at 27–28, 61 S.Ct. at 433–434.

We are thus led to the conclusion that § 231(a)(1) is not unconstitutional on its face. The language is substantially the same as that sanctioned by

2. The defendants were charged in an indictment containing three counts. The first count charged both defendants with the violations of 18 U.S.C.A. § 231(a)(1). The second count charged Featherston with violations of 26 U.S.C.A. §§ 5861(d) and 5871. This count of the indictment was dismissed by the district court.

The third count charged Riley with also violating 26 U.S.C.A. §§ 5861(d) and 5871. A jury verdict of not guilty was returned on this final count against Riley. Thus the only remaining issue concerns the conviction under 18 U.S.C.A. § 231(a)(1).

the Supreme Court in *Gorin*, and we hold that it is sufficiently definite to apprise men of common intelligence of its meaning and application.[3]

■ We note also that in both cases the district court instructed the jury that in order to convict the defendants, they must find that at the time and place in question, the defendants knew and intended the incendiary devices to be unlawfully employed for use in, or in furtherance of, a civil disorder. Thus we find no constitutional infirmity arising from the interpretation and application of the statutory language to these appellants.

■ In sum, the statute does not cover mere inadvertent conduct. It requires those prosecuted to have acted with intent or knowledge that the information disseminated would be used in the furtherance of a civil disorder.

II.

■ The First Amendment argument is two-fold. First, the contention is that since the statutory language does not require knowledge or intent, it permits prosecution for the dissemination of ideas without a showing of clear and present danger. In view of our decision that the statute as construed here and in the district court does require a showing of knowledge or intent, this contention is rejected.

Second, it is urged, despite our holding in regard to the language of § 231(a) (1), that the statute was uncon-stitutionally applied because the government failed to prove the happening or pendency of a particular civil disorder and thus failed to show a clear and present danger justifying an interference with activity protected by the First Amendment. We find this argument unpersuasive.

The words "clear and present danger" do not require that the government await the fruition of planned illegal conduct of such nature as is here involved. As stated in Dennis v. United States, 1950, 341 U.S. 494, 71 S.Ct. 857, 95 L. Ed. 1137:

"[T]he words cannot mean that before the Government may act, it must wait until the putsch is about to be executed, the plans have been laid and the signal is awaited. If Government is aware that a group aiming at its overthrow *is* attempting to indoctrinate its members and to commit them to a course whereby they will strike when the leaders feel the circumstances permit, action by the government is required." 341 U.S. at 509, 71 S.Ct. at 867.

■ Here the evidence showed a cohesive organized group, lead by Featherston and aided by Riley, engaged in preparation for "the coming revolution." This group included a force regularly trained in explosives and incendiary devices, standing ready to strike transportation and communication facilities and law enforcement operations at a moments notice.[4] Taken within this fac-

---

3. Several other criminal statutes utilize the same or substantially the same language as that complained of here. See, e. g., 18 U.S.C.A. §§ 491, 792–794, 954, 1383–1384, 2153–2154, and 2511–2512.

4. One witness who was present at the May 27 meeting stated at p. 61 of the transcript in No. 71–2687:

"The use for these items were to help us in the upcoming revolution, whenever it came."

Further, at p. 69, the witness stated that:

"After Mr. Featherston made a statement on the revolution, it was re-emphasized by Mr. Jackson [appellant Riley] that 'We must get our heads and minds and bodies right for the revolution, no telling when the revolution might come. We must be prepared for the *oncoming* revolution.'"

And in No. 71–2385, another witness stated at page 185 of the transcript:

"Mr. Featherston had taken over the class and was explaining to the group how we could use these different bombs, that everyone understood how to make them, that everyone in the organization had to learn how to make them, women and men, and 'We must keep these ingredients around the house or one or two bombs made up so we could use them on a moments notice.'

tual setting, we hold that there was a sufficient showing of clear and present danger to justify governmental intervention and the prosecution of appellants for teaching the use and manufacture of explosives and incendiary devices, as provided in § 231(a) (1).

The argument that Congress exceeded its power under the Commerce Clause in enacting § 231(a) (1) fails to rise to the level of a substantial constitutional question and is rejected. See Heart of Atlanta Motel, Inc. v. United States, 1964, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258. We similarly find no merit in the assignments of error having to do with the indictments, the sufficiency and admissibility of evidence, and the court's voir dire examination of the jury under Rule 24(a), Federal Rules of Criminal Procedure. All assignments of error have been considered. We find no reversible error.

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

"Mr. Featherston made the remark that we could all be dead the next day, next week or tomorrow, that the revolution would jump off and we would have to be able to use these things on a moments notice."
Other witnesses testified to the same effect in both cases. The testimony reveals the nature of the revolution contemplated by the defendants. For example at p. 103 of the transcript in No. 71–2687, the following appears:
"Mr. Featherston stated that the revolution was to be a confrontation between blacks and whites in the street, in fighting from roof to roof, house to house, and street to street. . . ."
And in reference to the May 27 meeting, at P. 91 of the transcript in No. 71–2385, the following appears:
"There was some discussion about the use of these devices as far as blowing up communication systems of the police department, either the communication system or the lighting system of Florida Power & Light, against police cars, anything which might be a hinderance or an aggression to the organization and to the black community."