BEASLEY, THOS. D., Associate Judge.
The appellant was charged in the Court of Record of Broward County with the crime of murder in the second degree. The information filed by the county solicitor grew out of a grand jury indictment which charged the appellant with the murder of Cosimo D’Amico and Venere Cam-poreale. The appellant was charged in a single information with the two crimes. The jury convicted him on both counts of the information, and he appeals.
Reversed.
The appellant relies on four points for his contention that his conviction should be reversed. The first three points recited by appellant will not be discussed, it being the opinion of the court that they are not well founded.
The evidence upon which the state relied for a conviction was entirely circumstantial. The state is therefore bound by the rules of circumstantial evidence. The evidence shows that appellant was living with his wife in Hollywood, Broward County, Florida, and that Cosimo D’Amico, his brother-in-law, had come down from New York on a visit and to look at a house which appellant and his wife had located and which he thought was a "terrific deal.” While D’Amico was a guest in the home of appellant, according to the testimony appellant bought a small gun for D’Amico, who said that he needed it because he lived in a section of New York having a high crime rate, and it was with this gun that D’Amico and appellant’s wife were killed. Neither the neighbor nor the police officers who testified in the case offered any testimony against appellant except facts creating some suspicion that the appellant might be guilty.
It appears from the record that the only circumstance from which guilt might be reasonably inferred was the unexplained use of the gun which appellant bought for his brother-in-law and with which D’Amico and Mrs. Camporeale were killed. This may be some evidence to the effect that appellant committed the offense, but it falls far short of the requirement of the rule that in order to convict on circumstantial evidence, the circumstances must be consistent with guilt and inconsistent with innocence, and that the circumstances must be of such a conclusive nature and tendency that there can be no reasonable hypothesis other than that the defendant is guilty.
“When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the ac *51 cused committed a crime is not sufficient to sustain a conviction.” Harrison v. State, Fla.App., 104 So.2d 391. See also Parish v. State, 98 Fla. 877, 124 So. 444; Mayo v. State, Fla., 71 So.2d 899; Head v. State, Fla., 62 So.2d 41.
There was no direct and positive evidence adduced by the state in the case sub judice. The nearest thing to an eyewitness was one Ona Nehwadowich, who testified that she heard some sounds like a sledge hammer hitting the hood of a car and that a car “took off zoom,” and that the car took off faster than one would normally drive away. The testimony of this witness would certainly indicate that there is a reasonable theory that someone other than appellant committed the crime.
It is to be remembered that the crime in this case was committed sometime between midnight and daylight.
It is our opinion that the evidence is insufficient to sustain the conviction, and the same should be reversed and remanded for a new trial.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.