491 F.2d 96
 Alfred FEATHERSTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 73-3600 Summary Calendar.*
*Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 March 14, 1974.
 
 Alfred Featherston, pro se. Robert W. Rust, U.S. Atty., Lloyd G. Bates, Jr., Asst. U.S. Atty., Miami, Fla., for respondent-appellee.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 After a jury trial, Alfred Featherston, represented by court-appointed counsel, was convicted of teaching the use or making of explosives or incendiary devices, a violation of Title 18, United States Code, Section 231(a) (1). He received a sentence of four years imprisonment. We affirmed. United States v. Featherston, 5 Cir. 1972, 461 F.2d 1119, cert. denied, 409 U.S. 991, 93 S.Ct. 339, 34 L.Ed.2d 258. Now by 'habeas corpus' petition, treated as a Section 2255 motion, Featherston challenges the validity of his conviction. We affirm the district court's well-reasoned order dismissing the motion.
 
 
 2
 In addition to the points raised in the district court, on appeal Featherston contends that in the voir dire examination the district judge in the original trial improperly refused to allow defense counsel to ask questions dealing with possible racial prejudice on the part of prospective jurors. On the 2255 motion, the district court held that this issue had been resolved adversely to Featherston on his direct appeal. See 461 F.2d at 1123. Featherston, however, seeks review of that determination in the light of the Supreme Court's decision in Ham v. South Carolina, 1973, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46, rendered after the consideration of his direct appeal by this Court.
 
 
 3
 Ham is distinguishable. In Ham, the Court reversed the narcotics conviction of a young black civil rights worker after the trial judge declined to ask prospective jurors any question as to possible racial prejudice, and specifically rejected two questions proposed by the defendant. The Court concluded that 'the Fourteenth Amendment required the judge . . . to interrogate the jurors upon the subject of racial prejudice', but added that he 'was not required to put the question in any particular form, or to ask any particular number of questions on the subject, simply because requested to do so by petitioner'. 409 U.S. at 527, 93 S.Ct. at 850, 35 L.Ed.2d at 50. Unlike the district judge in the Ham trial, here the district judge made three references, two in question form, during voir dire to the need for freedom from racial prejudice. The trial judge did all that a trial judge needed to do to eliminate prejudice, including racial prejudice.[1]
 
 
 4
 The order appealed from is affirmed.
 
 
 
 [1]
 The district court's first reference to possible racial prejudice was an admonition: 'Now, at the outset of this trial let me say to you that this courtroom is a temple of justice; this is the place where people come to receive justice under the law and every man who is charged with any offense against the United States stands equally before the law, meaning that it doesn't make any difference about their color or their nationality, origin or their politics, if it is known, or any other consideration.'
 Two later references were in question form.
 The court inquired:
 THE COURT: You heard what I said at the outset about each defendant (who) comes before this Court, that he is equal under the law and that we administer justice in this court to the best of our ability, and in doing that we pay no attention to the color of a man's skin or his religion or his nationality or origin, or his politics or anything else. We confine it to the evidence in the case and the Charge of the Court. Now, can each one of you do that? THE JURORS: (Nod in affirmative.)
 After three additional jurors were selected, the court again sought to determine if they were free from racial prejudice:
 THE COURT: Now, you heard and saw the defendant introduced and his counsel and counsel for the Government. You heard what I said, underlined and capitalized in red letters, that every man or woman who comes into this Court stands equal before the law. We don't concern ourselves with the color of his skin or his religion or what nation he may have come from or his political views. We are concerned only with the evidence that has a bearing on his innocence or guilt and the law that is applicable. That is the way that this case must be tried. Now do each of you commit yourselves under your oath as jurors to approach the trial of this case exactly like that? Mrs. MacDonnell? MRS. MacDONNELL: Yes, sir. THE COURT: Mr. Copps? MR. COPPS: Yes, sir. THE COURT: Mrs. Neidiffer? MRS. NEIDIFFER: (Nods in affirmative.) THE COURT: All right.
 Although not in the form requested by the appellant's counsel, these inquiries, if answered honestly, were sufficient to ensure that any juror harboring prejudice against the defendant on racial grounds could be excluded from the jury actually empanelled for trial. Ham requires no more.