320 So.2d 459 (1975)
In the Interest of B.S. et al., Juveniles, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 74-1746, 74-1747 and 74-1753.
District Court of Appeal of Florida, Third District.
September 16, 1975.
Rehearing Denied November 4, 1975.
*460 Engel & Mishkin, Miami and Mitchell D. Aronson, North Miami Beach, for appellants.
Robert L. Shevin, Atty. Gen. and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The three juvenile defendants were charged by petitions for delinquency with breaking and entering and grand larceny as against B.S., now age 13, and breaking and entering and buying, receiving or aiding in the concealment of stolen property as against A.S., now age 13, and J.H., now age 14. All three juveniles appeal their adjudications of delinquency on those charges following a hearing in the juvenile court. The three appeals are consolidated herein.
The record reflects that the three juveniles were accused of entering the home of the Jeffreys family, and stealing some $16,000 worth of jewelry and cash. The stolen valuables have never been recovered. The evidence showed that the valuables were stolen and that the Jeffreys' four year old son, Andrew, was inside the house and saw the persons who entered and took the valuables; however, when Andrew was called as a witness, the court was not able to qualify him to testify. Another witness, a nine-year-old, testified that from a distance of five yards, he saw J.H., accompanied by the other two defendants, throw a large jewelry box into a canal. The box was later retrieved and identified by Mrs. Jeffreys, but the money and jewelry were gone. The trial judge adjudicated B.S. delinquent for breaking and entering and grand larceny, and A.S. and J.H. delinquent for breaking and entering and buying, receiving or aiding in the concealment of stolen property.
On appeal therefrom, the juveniles contend that the court erred in denying a motion for acquittal, in that the only evidence against them was that J.H. threw the jewelry box into the canal; to conclude from this that he broke and entered the Jeffreys home is stacking an inference on an inference. They further contend that there is no evidence that B.S., the only one adjudicated delinquent for grand larceny, actually removed the jewelry box from the house, or that A.S. and J.H. bought, received or aided in the concealment of stolen property. Their final contention is that there is a rebuttable presumption that a child between the ages of 7 and 14 did not commit a crime.
Under Florida law, the corpus delicti may be proved by circumstantial evidence as well as by direct evidence. Rowe v. State, Fla. 1956, 84 So.2d 709, 711. The burden resting on the State to prove guilt by circumstantial evidence is well established. Gayle v. State, Fla.App. 1972, 258 So.2d 455, 456. In order to convict on circumstantial evidence, the circumstances must be consistent with guilt and inconsistent with innocence, and the circumstances must be of such a conclusive nature and tendency that there can be no reasonable hypothesis other than that the defendant is guilty. Camporeale v. State, Fla.App. 1972, 270 So.2d 49.
"When circumstantial evidence is relied upon for conviction in a criminal case, *461 the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction." Harrison v. State, Fla.App. 1958, 104 So.2d 391, 394.
Accord: Hall v. State, Fla.App. 1974, 303 So.2d 428, wherein a grand larceny conviction based solely on circumstantial evidence was reversed because the record disclosed only the possibility of guilt, but the proofs were not of sufficient certainty to meet the standards prescribed.
In the case sub judice, the record establishes that the evidence adduced at the hearing in support of the charges of breaking and entering against all three defendants and grand larceny against B.S., all circumstantial, falls far short of measuring up to the standard required in order to sustain the adjudications of delinquency. There was no competent substantial evidence presented to show that they were on the Jeffreys' premises nor that they broke or entered the home or that B.S. stole the valuables. Therefore, it is our view and we so hold, that the trial court erred when it denied in toto the motion for judgment of acquittal at the close of the evidence. However, as to the adjudications of delinquency of A.S. and J.H. on the charge of buying, receiving or aiding in the concealment of stolen property, we find that the trial court was correct in denying the motion for judgment of acquittal. The defendants were observed with the jewelry box and while together and in the presence of each other, J.H. threw it into the canal. Knowledge on a defendant's part to sustain a conviction for receiving stolen property may be shown in one of two ways. It will suffice if the state proves: (1) that the defendant had knowledge that the property was stolen at the time he dealt with it or (2) that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution on inquiry. State v. Graham, Fla. 1970, 238 So.2d 618; Schuster v. State, Fla.App. 1970, 235 So.2d 30. Proof of constructive notice as to the stolen nature of goods will suffice. Mayer v. State, Fla.App. 1970, 231 So.2d 540.
For the foregoing reasons, the adjudications of delinquency of A.S. and J.H. as to breaking and entering, and of B.S. as to both charges are reversed and remanded with directions that B.S. be discharged. The adjudications of delinquency of A.S. and J.H. as to buying, receiving or aiding in the concealment of stolen property are affirmed. The remaining points on appeal will not be discussed.
Affirmed in part, reversed in part and remanded with directions.