PER CURIAM.
Appellant and his co-defendant, one Robinson, were charged with assault with in *336 tent to commit a felony (sexual battery), false imprisonment and aggravated battery. A jury found defendant guilty as charged and the trial judge sentenced him to 10 years imprisonment on the false imprisonment charge, holding “in abeyance” the other two charges. From the judgment and sentence of 10 years this appeal is taken.
On March 24, 1975, the complaining witness, while waiting for her mother at a street corner in Quincy was asked to give directions by the occupants of a car driven by appellant who was accompanied by Robinson. According to the complainant, as she approached the vehicle Robinson grabbed her left hand, pulled her forward and attempted to get her inside the automobile. She bumped her head on the top of the car and lost consciousness. The next thing she remembered, she was lying in some bushes in a vacant lot a short distance from the place she had been accosted. On cross-examination she testified that appellant did not touch her as far as she could remember. She further testified that she probably got inside the car but admitted that it was possible that she could have hit her head on the car, lost consciousness and been picked up by someone else driving another car. At the close of the evidence defense counsel moved for a directed verdict which was denied.
In Harrison v. State, Fla.App.1st 1958, 104 So.2d 391, the court stated the rule of law to be applied in determining whether circumstantial evidence is sufficient to sustain a conviction as follows:
“When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction.” (104 So.2d at pages 394-395j[1]
It is readily apparent that the evidence in the case sub judice did not meet the requisite test of sufficiency for circumstantial evidence in a criminal case. As above noted the complaining witness herself admitted that she lost consciousness and someone else could have taken her to the vacant lot. Another reasonable hypothesis is that she herself in a dazed condition could have fled to the place where she regained consciousness. There being no further evidence in support of the charge for which appellant was adjudged guilty and sentenced, false imprisonment, it follows that the defense motion for directed verdict should have been granted as to that charge, and that reversal is required. As to that charge, appellant shall be discharged.
There having been no issue on this appeal as to the propriety of the trial judge “holding in abeyance” the other two charges of which appellant was found guilty by the jury we do not address same.
REVERSED.
BOYER, C. J., and RAWLS and Mc-CORD, JJ., concur.

. See also Smith v. State, Fla.App. 1st 1966, 194 So.2d 310, Rhoden v. State, Fla.App. 1st 1969, 227 So.2d 349, Gayle v. State, Fla.App. 1st 1972, 258 So.2d 455 and Herring v. State, Fla.App.3d 1960, 121 So.2d 807.