**FLORIDA BUSINESSMEN FOR FREE ENTERPRISE, an unincorporated association, High Quality Headquarters, Inc., a Florida Corporation, Three Guys Distributors, Inc., a Florida Corporation, and Correct Count Co., Inc., a New York Corporation, Plaintiffs,**

v.

**The STATE OF FLORIDA, Jim Smith as Attorney General of the State of Florida, Kenneth Katsaris, as a representative of the class of Defendants being the sixty–seven duly elected Sheriffs of the State of Florida, Harry Morrison, as a representative of the class of Defendants being the duly elected State Attorneys of the State of Florida, Defendants.**

No. 80–0954.

United States District Court,
N. D. Florida,
Tallahassee Division.

Sept. 30, 1980.

Tobias Simon, Miami, Fla., for plaintiffs.

Richard A. Hixson and Paul M. Eakin, Tallahassee, Fla., for defendant Katsaris.

## MEMORANDUM OPINION AND PERMANENT INJUNCTION

HIGBY, District Judge.

It is often said that differences of opinion underlie the sale of inferior land and the marriage of ugly people. To this list we may add the question of the constitutionality of Florida's "Head Shop" law.[1]

1. The "Head Shop" law, formally known as Chapter 80–30, Laws of Florida (1980), and soon to be codified as Sections 893.145, 893.-146, 893.147, and 893.12, Florida Statutes (Supp.1980), is appended. For convenience's sake the law will be referred to by its codification divisions.

2. This is a final order on the issue. At the preliminary injunction hearing the attorneys

The law in broadly sweeping language prohibits possession, delivery, possession with intent to deliver, and manufacture of drug paraphernalia. Agreeing partially with each side, I declare the portion of the "Head Shop" law prohibiting possession of "paraphernalia" unconstitutional and enjoin its enforcement. The remainder of the law I find constitutional.[2]

### The Facts

The facts are simple and undisputed. The Plaintiffs are a manufacturer, a distributor, and a retailer of items arguably outlawed by Chapter 80–30. Plaintiff, Florida Businessmen for Free Enterprise, is an unincorporated association of manufacturers, distributors, and retailers of the arguably outlawed items. Selling these items is Plaintiffs' primary business, and they will suffer financial loss from enforcement of Chapter 80–30. Also, the law requires them to unwillingly alter their conduct. The Defendants are the State of Florida; Jim Smith, Attorney General for the State of Florida; Harry Morrison, State Attorney for the Second Judicial Circuit of Florida; and Kenneth Katsaris, Sheriff of Leon County. The Defendants intend to enforce the law.

### Preliminary Matters

#### Jurisdiction

The Plaintiffs seek to prevent denial by State action of their constitutional rights. They ask for a judgment declaring Chapter 80–30 unconstitutional and enjoining the Defendants from enforcing it. There is an actual controversy among the parties. I have jurisdiction. 28 U.S.C. § 2201; 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1983; *High Ol' Times, Inc. v. Busbee*, 621 F.2d 135 (5th Cir. 1980).

stipulated there were no material issues of fact and agreed to consolidate the final hearing with the preliminary injunction hearing. *See*, Fed.R. Civ.P. 65(a)(2). The commendable lawyerly conduct of the attorneys, particularly Assistant Attorney General Richard Hixson, who eschewed several dilatory defenses proceeding instead to the merits of the case, greatly aided reaching a quick resolution of this dispute.

## 350

### Class Action

 The Plaintiffs have sued under Federal Rule of Civil Procedure 23 as class representatives and sued Defendants Morrison and Katsaris as class representatives. By bringing this suit as a class action Plaintiffs have created complications, probably unnecessarily. Ordinarily the propriety of a class action should be resolved before the merits of a case are resolved. *See,* 7A, Wright and Miller, Federal Practice and Procedure: Civil § 1785 (1972). Under the peculiar facts of this case and upon stipulation of the parties, Katsaris and Morrison are certified as class representatives for purpose of restraint by injunction only.[3] All other class certification issues will be resolved at a later date.

### State of Florida's Motion to Dismiss

 The State has moved to dismiss the action against it on the ground that it is not a person within the meaning of Title 42, United States Code, Section 1983, the statute Plaintiffs sue under. The State is correct, and its motion is granted. *See, Cheramie v. Tucker,* 493 F.2d 586 (5th Cir. 1974), *cert. denied,* 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974).[4]

### The Merits
### The Vagueness Challenge

Chapter 80–30 adds four crimes to the Florida Statutes. Section 893.147 defines them as follows:

§ 893.147 Possession, manufacture, delivery, or advertisement of drug paraphernalia.

(1) Possession of drug paraphernalia.–It is unlawful for any person to possess drug paraphernalia. Any person who violates this section is guilty of a misdemeanor of the first degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

(2) Manufacture or delivery of drug paraphernalia.–It is unlawful for any person to deliver, possess with intent to deliver, or manufacture with intent to deliver drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of this act. Any person who violates this section is guilty of a felony of the third degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.-084.

(3) Delivery of drug paraphernalia to a minor.–Any person 18 years of age or over who violates subsection (2) by delivering drug paraphernalia to a person under 18 years of age is guilty of a felony of the second degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

(4) Advertisement of drug paraphernalia.–It is unlawful for any person to place in any newspaper, magazine, handbill, or other publication any advertisement, knowing, or under circumstances where one reasonably should know, that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia. Any person who violates this section is guilty of a misdemeanor of the first degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

Drug paraphernalia, the "Head Shop" law defines as:

all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, stor-

---

**3.** Examination of each position's constitutional and statutory duties show the numerosity, typicality, and representativeness required by Rule 23 are met. *See,* §§ 27.02, 27.03, 30.15, Fla. Stat. (1979); Art. 5, Fla.Const. § 17; Art. 8,

Fla.Const. § 1(d). There is one question of law, and it is common to all members of the class.

**4.** This ruling supersedes the ruling made in open court on this motion.

ing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. Drug paraphernalia is deemed to be contraband which shall be subject to civil forfeiture.

§ 893.145, Fla.Stat. (Supp.1980). The law goes on to list generic examples of drug paraphernalia and some relevant factors to evaluate in determining if an object is drug paraphernalia. §§ 893.145, 893.146, Fla. Stat. (Supp.1980).

The Plaintiffs level a barrage of constitutional challenges at the statute. They say it denies (1) Due Process because it creates mandatory presumptions of guilt, (2) denies Due Process because it is too vague, (3) denies Due Process because it is overbroad, (4) violates the First Amendment right to freedom of expression, (5) creates an impermissible burden upon interstate commerce in violation of Article I, Section 8, of the United States Constitution, (6) denies Due Process because it has no rational basis, and (7) denies equal protection because it affects only certain kinds of stores. Plaintiffs have concentrated on their vagueness argument, and it is the only one of merit.

■ The Fourteenth Amendment's guarantee of Due Process prohibits vague statutes:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attend-

ant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227 (1972) (footnotes omitted). Simple fundamental fairness requires a statute to set out prohibited conduct in terms people of ordinary intelligence can readily understand. *Id. See also, Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Winters v. New York*, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948); *Bambu Sales, Inc. v. Gibson*, 474 F.Supp. 1297 (D.N.J.1979). The parties agree upon and unanimously laud the Fourteenth Amendment's protections against vagueness. They all quote *Grayned v. City of Rockford, supra*, in support of their contradictory positions. They even all agree upon what is required to make the "Head Shop" law constitutional. It must, they all say, require proof that the defendant used the paraphernalia, intended the paraphernalia to be used, or knew it would be used illegally. Their differences of opinion are over the statute's meaning.

■ Florida's "Head Shop" law, with a few deviations one of which is critical, is copied from the Model Drug Paraphernalia Act drafted by the Drug Enforcement Administration of the United States Department of Justice (August, 1979) (hereinafter MDPA or Model Act). Other courts have considered ordinances and statutes based upon the MDPA, construed them to require proof of a defendant's criminal intent, and found them constitutional. *See, Florida Businessmen for Free Enterprise v. City of Hollywood*, Case No. 80–6157–Civ–NCR (S. D.Fla. Aug. 29, 1980); *Delaware Accessories Trade Association v. Gebelein*, 497 F.Supp. 289 (D.Del.1980); *Record Revolution No. 6, Inc. v. City of Parma*, 492 F.Supp. 1157 (N.D. Ohio 1980). The Defendants rely on these cases as showing the law includes an intent requirement. Defendants' argument, and to an extent the holdings in the preceding cases, relies upon the definition of paraphernalia as establishing the intent requirement. I do not find the

352

definition dispositive. In fact, if it were dispositive, I would find the entire statute unconstitutional.

 A federal court ruling upon the constitutionality of state statute may only consider the statute's plain meaning and authoritative state court constructions of the statute. A federal court does not have jurisdiction to authoritatively construe a state statute. *United States v. Thirty–Seven Photographs*, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). Any court, state or federal, cannot create a constitutional construction of a statute when the statute is not fairly susceptible of a saving construction. *See, High Ol' Times, Inc. v. Busbee*, 621 F.2d 135 (5th Cir. 1980). Justice Sundberg explained well the limits of court's power to construe a statute. He wrote:

> While ... in appropriate instances a court may authoritatively construe a statute so that it does not conflict with the federal or state constitution, we cannot condone judicial ... clarification of [a statute's] ambiguities where ... there is no statutory language to support judicial re–structuring.

*Brown v. State*, 358 So.2d 16 (Fla.1978) at 19.

Chapter 80–30 offers no language to support judicial restructuring. It differs significantly from the MDPA and the laws found constitutional in *Florida Businessmen for Free Enterprise v. City of Hollywood, supra; Delaware Accessories Trade Association v. Gebelein, supra* ; and *Record Revolution No. 6, Inc. v. City of Parma, supra.* That difference makes Florida's law unconstitutional. The Model Act and the laws found constitutional prohibit possession of paraphernalia "with intent to use" it illegally. Those four words create the requirement of individual intent needed to make the law constitutional. *Florida Businessmen for Free Enterprise v. Hollywood, supra,* and *Record Revolution No. 6, Inc. v. City of Parma, supra,* both rely upon that requirement in the possession prohibition to construe an intent requirement into the law. *Delaware Accessories Trade Association v. Gebelein, supra,* while not specifical-

ly referring to the wording of the possession prohibition finds the element of intent only when it construes the law as a whole. The Florida Legislature, for reasons the Defendants have not been able to explain, departed from the Model Act in this matter. The result is an unconstitutionally defined crime.

Section 893.147(1) simply prohibits possession of drug paraphernalia. Consequently it relies entirely upon the paraphernalia definition. Paraphernalia is defined by use, intent for use, or design for use with controlled substances. Nothing in the definition can be fairly said to link the use, intent, or design to the person charged with a paraphernalia crime. The definition makes the illegality of an item dependent upon past or future use or intentions of persons other than the charged defendant determinative of the crime. Thus the criminality of a person's possession turns upon something she cannot determine, the acts or intent of a third and possibly unknown party.

[11] The person who buys sandwich bags at a "Head Shop" could be guilty of a crime but not if he buys them at a grocery store. Purchase of a hand mirror would be a crime if the manufacturer had lines of cocaine in mind rather than primping. A tobacconist would have to guess each time he sold a water pipe whether the purchaser intended smoking tobacco or marijuana. All these scenarios are possible under Section 893.147(1). They demonstrate the problem a law–abiding citizen would have determining whether she possessed paraphernalia. They also demonstrate the danger of arbitrary discriminatory enforcement. Relying as it does on past and future intentions of third parties, Section 893.147(1) sets " 'a net large enough to catch all possible offenders, and leave[s] it to the courts to step inside and say who could be rightfully detained, and who should be set at large.' *United States v. Reese*, 92 U.S. 214, 221, 23 L.Ed.2d 563, 566." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 165, 92 S.Ct. 839, 845, 31 L.Ed.2d 110, 117 (1972). The Constitution

will not allow such a broadly sweeping, ambiguous law.

 The remaining parts of § 893.-147 track the MDPA and fare better for it. Aside from their arguments about the definition of paraphernalia, Plaintiffs concede that the part of Section 893.147(2) prohibiting delivery, possession with intent to deliver, and manufacturing with intent to deliver of paraphernalia knowing the recipient will use the paraphernalia illegally is constitutional. But they argue the remainder, prohibiting the same acts "under circumstances where one reasonably should know" the recipient will use the paraphernalia illegally is unconstitutionally vague. They argue the statute holds a defendant accountable for a third party's actions. The New Jersey District Court agreed in *Knoedler v. Roxbury Township*, 485 F.Supp. 990 (D.N.J. 1980). It felt a similar law held a merchant or manufacturer responsible for inaccurate speculation. I disagree and find Section 893.147(2) constitutional.

Many statutes hold people criminally responsible for things they should have known. For example, Title 18, United States Code, Section 231(a)(1), forbids teaching the use or construction of firearms or explosives "knowing or having reason to know or intending that the same will be unlawfully employed for use in, or in furtherance of, a civil disorder . . . ." *See also*, 18 U.S.C. § 2512(1)(a) (prohibits putting in interstate commerce any device "knowing or having reason to know that the design of such device renders it primarily useful for purposes of surreptitious interception of wire or oral communications."); 18 U.S.C. § 792 (outlaws harboring or concealing a person whom a defendant "knows, or has reasonable grounds to believe or suspect, has committed or is about to commit, an offense under section 793 or 794 . . . ."); § 812.031, Fla.Stat. (Supp.1976) (forbids receiving stolen property "knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen."). Florida courts interpret such language to require proof "the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution on inquiry." *B. S. v. State*, 320 So.2d 459, 461 (Fla. 3d D.C.A. 1975); *See also, Nelson v. State*, 372 So.2d 949 (Fla. 2d D.C.A. 1979). That is a standard sufficiently precise for the citizenry to follow and precise enough to preclude arbitrary enforcement. *See, Gorin v. United States*, 312 U.S. 19, 61 S.Ct. 429, 85 L.Ed. 488 (1941); *World Imports, Inc. v. Woodbridge Township*, 493 F.Supp. 428 (D.N.J.1980); *United States v. Featherston*, 461 F.2d 1119 (5th Cir. 1972), *cert. denied*, 409 U.S. 991, 93 S.Ct. 339, 34 L.Ed.2d 258 (1972); *United States v. Novel*, 444 F.2d 114 (9th Cir. 1971).

 The remaining subsections of Section 893.147 are constitutional. Subsection (3) simply incorporates subsection (2) and makes the offense more severe when the recipient is a minor. Like subsection (2), subsection (3) is constitutional. Subsection (4) is discussed separately.

*The Presumption of Guilt Challenge*

 "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). An irrebuttable presumption of guilt from proof of a certain fact, in some circumstances, denies a defendant that protection and is consequently unconstitutional. *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Chapter 80–30, however, does not create any presumptions. It merely lists, in Section 893.146, various relevant factors to consider. Section 893.146 is constitutional.

*The Overbreadth Challenge*

 A statute is impermissibly overbroad if it permits punishment of activity fairly within the protection of the United States Constitution. *Winters v. New York*, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948). The Plaintiffs have not identified any constitutionally protected activity arguably within the scope of Chapter 80–30, and

I can see none. Chapter 80–30 is not unconstitutionally overbroad.

### The First Amendment Challenge

 Section 893.147(4) forbids placing in any publication "any advertisement, knowing, or under circumstances where one reasonably should know, that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia." The statute contemplates the defendant knowing the object is designed or intended for illegal use. In oral argument Plaintiffs conceded this prohibition would be constitutional to the extent that the other portions of the law are. A state may constitutionally prohibit speech soliciting illegal activity. *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376, 93 S.Ct. 2553, 37 L.Ed.2d 669 (1973). Prohibiting advertisement of illegal activity is all Section 893.147(4) does, and it is constitutional.

### The Burden on Interstate Commerce and Lack of Rational Basis Challenges

 The Plaintiffs have not pursued these challenges since filing their complaint. I deem them abandoned. Certainly nothing in the record supports these challenges.

### The Equal Protection Challenge

 Plaintiffs argue Chapter 80–30 denies equal protection because it will, they say, apply only to "Head Shops." They are wrong. The statute is not limited to a certain class of store. Although proof may be easier when a "Head Shop" is involved, the law applies equally to all who violate it.

### Severability

 Chapter 80–30 contains a severability clause providing the invalidity of any section shall not affect the validity of any other provision. The unconstitutional portion of Chapter 80–30 can be stricken without harming the remainder of the statute.

### Summary

Section 893.147(1), as it appears in Chapter 80 30, Laws of Florida (1980), is unconstitutionally vague. The remainder of Chapter 80–30 is constitutional.

Accordingly, it is ORDERED AND ADJUDGED:

Section 893.147(1), Florida Statutes (Supp.1980), as it appears in Section 3 of Chapter 80 30, Laws of Florida (1980), is declared unconstitutional, and the Defendants are enjoined from enforcing it.

### STAY AND INJUNCTION PENDING APPEAL

Federal Rule of Civil Procedure 62(b) allows a district court to suspend, modify, restore, or grant an injunction during the pendency of an appeal. Subdivision (d) of Rule 62 allows a court to stay its judgment pending appeal. Exercise of these powers is appropriate in this case.

 Plaintiffs have represented they will take an expedited appeal of any adverse ruling. The legal issues are close. Plaintiffs' businesses would suffer severe harm if the statute is enforced during any appeal, and they may be forced to comply with a law ultimately ruled unconstitutional. The State may fruitlessly expend time, money, and effort. For these reasons, the Defendants are enjoined from enforcing all of Chapter 80–30 for the ten days following the date of this order. If the Plaintiffs appeal within those ten days, this injunction shall continue until resolution of the appeal by the Fifth Circuit Court of Appeals.

### APPENDIX

### DRUG PARAPHERNALIA

### CHAPTER 80–30

Committee Substitute for House Bill No. 6

An act relating to drug abuse prevention and control; creating s. 893.145, Florida Statutes, defining the term "drug paraphernalia"; creating s. 893.146, Florida Statutes, providing a procedure for determining whether

or not an object is drug paraphernalia; creating s. 893.147, Florida Statutes, prohibiting the possession, manufacture, delivery, or advertisement of drug paraphernalia; amending s. 893.12(2), Florida Statutes, providing for the forfeiture of drug paraphernalia; amending s. 893.13(3)(a), Florida Statutes, deleting provisions relating to drug paraphernalia to conform to the act; providing penalties; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1. Section 893.145, Florida Statutes, is created to read:

893.145 Drug paraphernalia defined.— The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. Drug paraphernalia is deemed to be contraband which shall be subject to civil forfeiture. It includes, but is not limited to:

(1) Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.

(2) Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.

(3) Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.

(4) Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.

(5) Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.

(6) Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.

(7) Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.

(8) Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.

(9) Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.

(10) Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

(11) Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

(12) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body, such as:

(a) Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

(b) Water pipes.

(c) Carburetion tubes and devices.

(d) Smoking and carburetion masks.

(e) Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become to small or too short to be held in the hand.

(f) Miniature cocaine spoons, and cocaine vials.

(g) Chamber pipes.

(h) Carburetor pipes.

(i) Electric pipes.

(j) Air–driven pipes.

(k) Chillums.

(*l*) Bongs.

(m) Ice pipes or chillers.

Section 2. Section 893.146, Florida Statutes, is created to read:

893.146 Determination of paraphernalia.– In determining whether an object is drug paraphernalia, a court or other authority or jury shall consider, in addition to all other logically relevant factors, the following:

(1) Statements by an owner or by anyone in control of the object concerning its use.

(2) The proximity of the object, in time and space, to a direct violation of this act.

(3) The proximity of the object to controlled substances.

(4) The existence of any residue of controlled substances on the object.

(5) Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom he knows, or should reasonably know, intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.

(6) Instructions, oral or written, provided with the object concerning its use.

(7) Descriptive materials accompanying the object which explain or depict its use.

(8) Any advertising concerning its use.

(9) The manner in which the object is displayed for sale.

(10) Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

(11) Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

(12) The existence and scope of legitimate uses for the object in the community.

(13) Expert testimony concerning its use.

Section 3. Section 893.147, Florida Statutes, is created to read:

893.147 Possession, manufacture, delivery, or advertisement of drug paraphernalia;

(1) Possession of drug paraphernalia.–It is unlawful for any person to possess drug paraphernalia. Any person who violates this section is guilty of a misdemeanor of the first degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

(2) Manufacture of delivery of drug paraphernalia.–It is unlawful for any person to deliver, possess with intent to deliver, or manufacture with intent to deliver drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of this act. Any person who violates this section is guilty of a felony of the third degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

(3) Delivery of drug paraphernalia to a minor.–Any person 18 years of age or over who violates subsection (2) by delivering drug paraphernalia to a person under 18 years of age is guilty of a felony of the second degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

(4) Advertisement of drug paraphernalia.–It is unlawful for any person to place in any newspaper, magazine, handbill, or other publication any advertisement, knowing, or under circumstances where one reasonably should know, that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia. Any person who violates this section is guilty of a misdemeanor of the first degree, punishable as provided for in s. 775.082, s. 775.083, or s. 775.084.

Section 4. Subsection (2) of section 893.-12, Florida Statutes, is amended to read:

893.12 Contraband; seizure, forfeiture and sale of vessel, vehicle, or aircraft illegally used.–

(2) Any vessel, vehicle, or aircraft <u>or drug paraphernalia, as defined in s. 893.145,</u> which has been or is being used in violation of any provision of this chapter or in, upon, or by means of which any violation of this chapter has taken or is taking place may be seized and forfeited as provided by the Florida Uniform Contraband Transportation Act.

Section 5. Paragraph (a) of subsection (3) of section 893.13, Florida Statutes, is amended to read:

893.13 Prohibited acts; penalties.–

(3)(a) It is unlawful for any person:

1. To acquire or obtain, or attempt to acquire or obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.

2. To affix any false or forged label to a package or receptacle containing a controlled substance.

3. To furnish false or fraudulent material information in, or omit any material information from, any report or other document required to be kept or filed under this chapter or any record required to be kept by this chapter.

4. To possess, have under his control, or deliver any device, contrivance, instrument, or paraphernalia with the intent that said device, contrivance, instrument, or paraphernalia be used for unlawfully administering any controlled substance.

Section 6. If any provision of this act or the application thereof to any person or circumstance is held invalid, it is the legislative intent that the invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared severable.

Section 7. This act shall take effect October 1, 1980.

Approved by the Governor May 21, 1980.

Filed in Office Secretary of State May 21, 1980.

CODING: Words in ~~struck through~~ type are deletions from existing law; words in <u>underscored</u> type are additions.